*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WILLIAM MATTHEW WORKMAN,

Defendant-Appellant.

UNPUBLISHED
May 27, 2021

No. 340893
Clinton Circuit Court
LC No. 17-009801-FH

## ON REMAND

Before: MURRAY, C.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

This case returns to us on remand from our Supreme Court for reconsideration of our review of the admission of unauthenticated business records under the standard for preserved evidentiary error in *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999).[1] The remand order noted that while we found that the claim of error was preserved, we appeared to have applied the plain error standard of review of *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999), rather than the *Lukity* standard.

Defendant was convicted by a jury of two counts of breaking and entering a building with intent to commit a larceny, MCL 750.110, and one count of unlawfully driving away an automobile (UDAA), MCL 750.413. Defendant was sentenced as a fourth felony habitual offender to a prison term of 15-40 years. In our previous opinion, we determined that the trial court erred in admitting Google and phone records that were not properly authenticated under MRE 902(11), but that reversal was not required when there was other evidence that pointed to defendant as the perpetrator. Upon consideration of whether this error was outcome determinative, as required by *Lukity*, we again affirm.

## I. BACKGROUND

---

[1] *People v Workman*, ___ Mich ___; ___ NW2d ___ (2021).

The facts of this case were summarized in this Court's prior opinion:

Defendant's convictions arise from offenses committed in the early morning hours of December 22 and 23, 2016. On December 22, 2016, MPC Cashway Lumber (MPC) a business in Clinton County, Michigan was broken into in the middle of the night. Shortly thereafter, a 2005 Ford Focus was stolen from TL Contracting (TL), a neighboring business. On the same day, a pole barn was broken into on Taft Road in Bingham Township, Clinton County, Michigan. On December 23, 2016, shortly after midnight, a firearm was stolen out of a vehicle parked in a subdivision north of Fowler around midnight. Both the TL and Taft Road locations had surveillance video of the break-ins that occurred on December 22. Defendant was known to law enforcement in Clinton County at the time and was a suspect in some other criminal events that occurred during this period. After reviewing the surveillance video, which matched defendant's physique, an investigation began into defendant for the December break-ins. Defendant was arrested on December 28, 2016, for a parole violation by a St. Johns' police officer and held at the Clinton County Jail. While at the jail, defendant asked a corrections officer if he could have his phone back to make a call. The officer gave him the phone and defendant performed a factory reset.

On January 3, 2017, Deputy Michael Leasher, a forensic cell phone analyst for the Clinton County Sheriff's Department, and Detective Sean Dush, a lieutenant with the Clinton County Sheriff's Office, went to the home of defendant's girlfriend, Christine Moggo. Moggo had visited the defendant in the Clinton County jail on December 31, 2016. They informed her that they had viewed the video from her visit and wanted to know what was on the paper that defendant showed her during the visit. She told them that the note contained the username and password for his Google account and that he asked her to delete the account, specifically the Google Maps application. Moggo was unable to log into the account with the password given to her by the defendant so she reset the password. However, she had not deleted the account. Using the password provided to him by Moggo, Deputy Leasher logged into defendant's Google account and changed the password in order to preserve the account. He then obtained a search warrant for defendant's phone and for the Google accounts connected to that phone. Upon receiving the warrant, he did a phone dump using software called Cellebrite and then reviewed all the tracking data from defendant's phone including the GPS locations recorded.

At trial, Deputy Leasher testified that he used the Google Maps' information he had obtained from defendant's phone to generate a map and provided a timeline of the phone's locations on December 22 and 23, 2016. He testified that beginning at midnight on December 22, the map showed the location of defendant's phone to be at 1207 Cleo Street in Lansing where the defendant resided. From there the phone's GPS location showed the phone was transported to the location of MPC Lumber and its neighboring business TL Contracting which was in walking distance from MPC. From TL Contractors the phone was tracked to Taft Road and was there roughly for about a half hour. From Taft Road, the phone was tracked

back to defendant's residence at Cleo Street and then to defendant's girlfriend's apartment in St. Johns. Regarding December 23, he testified that the phone's GPS location showed that the phone had been transported north of Fowler sometime between 12:14 a.m. and 1:01 a.m. From there the phone was tracked toward Lansing where it was stationary at Clark Rd from 3:44 a.m. to 4:20 a.m. When the phone started moving again, it was tracked to defendant's house on Cleo Street. Deputy Leasher also testified that the officers retrieved a backpack from defendant's brother's house (where defendant was residing) and that backpack or one similar to it was seen on the surveillance video from TL Contractors security on the night of the break-in. Detective Dush testified that a bike that belonged to defendant's brother was found by the gate of TL Contractors.

Defendant's friend, Delton Warren and Moggo also testified. Warren testified that the defendant called him in the early morning hours of December 23 and asked him for a ride. When Warren picked him up, defendant first told Warren that he had been driving a girlfriend's car when he swerved off the road into a ditch trying to avoid hitting a deer. He then later admitted that the car he had been driving was stolen. Moggo testified that she found a ski mask in her home after her interview with the detectives and turned it over to the police. The mask matched the mask seen on the surveillance video worn by the individual who stole the Ford Focus from TL Contracting.

The jury returned a guilty verdict from which defendant now appeals. [*People v Workman*, unpublished opinion of the Court of Appeals, issued March 5, 2020 (Docket No. 340893)].

## II. STANDARD OF REVIEW

A trial court's decision to admit evidence will not be disturbed absent an abuse of discretion. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). "An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of principled outcomes." *People v March*, 499 Mich 389, 397; 886 NW2d 396 (2016) (quotation marks and citation omitted).

"Preserved nonconstitutional errors are subject to harmless-error review under MCL 769.26[.]" *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019). MCL 769.26 provides

No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

When an evidentiary challenge is preserved, "the defendant has the burden of establishing a miscarriage of justice under a 'more probable than not' standard." *Thorpe*, 504 Mich at 252. "[T]he effect of the error is evaluated by assessing it in the context of the untainted evidence to

-3-

determine whether it is more probable than not that a different outcome would have resulted without the error." *Lukity*, 460 Mich at 495. "[A] preserved, nonconstitutional error is not a ground for reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *Id*. at 496.

## III. EVIDENTIARY ERROR

The evidence at issue is defendant's Google and Sprint phone records which formed the basis of Leasher's testimony and the maps he created which tracked the whereabouts of defendant's cellular phone from December 22nd through December 23rd, 2016. We previously determined that the records were inadmissible hearsay because they had not been certified in accordance with MRE 902(11).[2] We stand by that ruling and hold that it was an abuse of discretion for the trial court to allow their admission. However, the evidentiary error is not reversible error unless defendant would have likely succeeded at trial had the error not occurred. After an examination of the untainted evidence, we find the outcome unchanged.

The contested issue at trial was the identity of the perpetrator. Had the trial court properly excluded the Google and Sprint records, the jury would not have heard Leasher's testimony that defendant's phone was at or near the same locations of the break-ins and theft during the commission of those crimes. There was untainted evidence that placed defendant at the crime scenes. Defendant's brother's bike to which defendant had access was found at the TL location. Defendant's physique matched the individual's in the TL and Taft surveillance videos. Defendant possessed a backpack and ski mask similar to those worn by the individual in the surveillance videos. When defendant was picked up by a friend, Delton Warren, within close proximity to the crime scene and within hours of the crimes, defendant had the backpack with him. Defendant admitted to Warren that he drove a stolen vehicle into a ditch. One of the vehicles missing from the TL property was found in the ditch. Once arrested, defendant performed a factory reset on his phone and asked his girlfriend to specifically delete the Google maps application, from which a consciousness of guilt could be inferred. Defendant has not shown that it is more likely than not that the outcome would have been different if the trial court had excluded Leasher's testimony and evidence of the GPS tracking of defendant's cellular phone.

Affirmed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro

---

[2] MRE 902(11)(B) allows records "of regularly conducted business activity that would be admissible under rule 803(6)" to be authenticated "by a written declaration under oath by its custodian or other qualified person certifying that" the record meets the requirements of MRE 803(6).